IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

        Plaintiff,

vs.                                                    No. 1:13-cv-00521 ____ / ____

**CITY OF ALBUQUERQUE,**
    a Municipal Entity Organized Under
    the Laws of the State of New Mexico
    and its subsidiary the Albuquerque
    Police Department,

**JENNIFER JARA,**
in her individual capacity as an officer
employed by the Albuquerque Police Dept.,

**CASSANDRA KUKOWSKI,**
in her individual capacity as an officer
employed by the Albuquerque Police Dept.,

**DARREN WHITE,**
in his individual capacity as Director of Public Safety
for the City of Albuquerque, and

**JOHN OR JANE DOES 1 THROUGH 10**
    in their individual capacities,

        Defendants.

## COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS
## (MALICIOUS PROSECUTION)

      Plaintiff Alfonso Hernandez, through counsel, AEQUITAS LAW, LLC, Anna C. Martinez and Albert L. Hutchinson, Jr., brings this complaint for violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. In support thereof, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 1343.

2. Venue is proper in this district, pursuant to 28 U.S.C. § 1357, as parties are all residents or entities of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's causes of action arose in New Mexico.

**PARTIES**

3. Plaintiff Alfonso Hernandez is an adult resident of Bernalillo County, New Mexico.

4. Defendant City of Albuquerque is a governmental (municipal) entity created pursuant to NMSA 1978, § 3-2-1, *et seq*. The Albuquerque Police Department is a subsidiary agency of the City of Albuquerque. Defendant City of Albuquerque is sued under 42 U.S.C. § 1983 for damages under a theory of municipal liability for failure to adequately train supervise its employees, officers and/or agents, and for its customs, policies, and/or practices.

5. Defendant Jennifer Jara (hereinafter "Defendant Jara"), at all relevant times herein, was a law enforcement officer employed by the Albuquerque Police Department, a governmental agency operated by Defendant City of Albuquerque. At all times material to this complaint, Defendant Jara was acting within the scope and course of her employment and under color of state law.

6. Defendant Cassandra Kukowski (hereinafter "Defendant Kukowski"), at all relevant times herein, was a law enforcement officer employed by the Albuquerque Police Department, a governmental agency operated by Defendant City of Albuquerque. At all times material to this complaint, Defendant Kukowski was acting within the scope and course of her

2

employment and under color of state law.

7. Defendant Darren White (hereinafter "Defendant White"), at all relevant times herein, as the Director Public Safety for the City of Albuquerque, was a law enforcement officer. At all times material to this complaint, Defendant White was acting within the scope and course of his employment and under color of state law.

8. Defendants John or Jane Does 1 through 10 are unknown persons who at all times material hereto were citizens of the United States and of the State of New Mexico, and police officers and/or employees or agents of Defendant City of Albuquerque. At all times material to this complaint, Defendants Doe 1-10 were acting within the scope and course of their employment and under color of state law.

## GENERAL ALLEGATIONS

9. This is a civil action for monetary damages, arising from Plaintiff's claim that he was maliciously prosecuted for feeding the hungry and otherwise wronged by employees of the Albuquerque Police Department at the behest of those employees' supervisors.

10. This case is related to the pending action, case number 12-cv-00394-KBM-ACT.

11. In that case, Plaintiff brought claims against Defendants Daniel Baca, Jennifer Jara, Leah Kelly and Jacob Welch for the Deprivation of Plaintiff's Fourth Amendment Right to be Free from Unreasonable Detention, Seizure, Searches, and Excessive Force and for Deprivation of his First Amendment Right to Freedom of Speech, Expression and the Exercise of Religion.

12. In addition to the aforementioned wrongs, Defendant Jara also maliciously prosecuted Plaintiff.

13. Upon information and belief, Defendants Kukowski and White caused Plaintiff to

3

be deprived of his constitutional rights by setting in motion a series of events that Defendants Kukowski and White knew or reasonably should have known would cause others to deprive Plaintiff of his constitutional rights.

14. It is necessary to bring this action as a separate case because the deadline set for amendments to the pleadings and to add parties in the related case has elapsed, although the statute of limitations to bring the claims herein has not.

15. A malicious prosecution claim brought pursuant to 42 U.S.C. § 1983, requires favorable termination as an element and therefore did not accrue until the malicious prosecution terminated in favor of Plaintiff.

16. On or about July 23, 2010, Defendant Kukowski sent an email to various officers of the Albuquerque Police Department, including Defendant Jara, informing them that "Darren White is allowing us to take of the gloves and deal with some issues of concern in the Valley. WOOOOOOOOOO HOOOOOOOOOOOO!!!!!!!" See attached, *Exhibit A*: Email from Cassandra Kukowski, dated July 23, 2010.

17. In that email, Defendant Kukowski identified the "FIRST ISSUE" as "4th Street Walking Plaza. On Sundays between 1000 and 1330 hours there is a group of people in vehicles that are frequenting this area and feeding the homeless. These folks need to be identified, their names, their organization, do they have a business permit?  Who gave them the permission to feed the homeless at all?  etc." *Id*.

18. Defendant Kukowski informed Defendant Jara and others that "We will take progressive enforcement action. This is the intelligence gathering session. If they are not permitted, we will [criminal trespass] them next, then cite them, then arrest them." *Id*.

19. On August 8, 2010, while Plaintiff was Plaintiff was at the Fourth Street Mall

sharing food with other residents of the City, Albuquerque Police Officers Jacob Welch and Tim Lonz approached Plaintiff.

20. On August 8, 2010, Albuquerque Police Officer Jacob Welch issued Plaintiff a "Criminal Trespass Notification," as the aforementioned email directed police to do, even though there was no lawful basis for issuing the "Criminal Trespass Notification."

21. On September 12, 2010, while Plaintiff was at the Fourth Street Mall packing up containers and loading them into his truck, Defendant Jara approached him, asked him his name and whether he had a permit to feed the homeless.

22. Plaintiff provided Defendant Jara with his driver's license upon her request, but otherwise did not answer her questions or engage in dialogue with her.

23. At all material times, there was no legal requirement that any person needed a permit to share food with homeless persons or anyone else on or near the Fourth Street Mall, so long as the sharing of food was not part of any commercial or for-profit endeavor.

24. Defendant Jara continued to ask Plaintiff questions even after it was very clear that he would not answer and wished to end his encounter with her. When he attempted to walk away, she followed him, trying to interrogate him in a harassing and abusive manner. There was no lawful basis to harass a citizen with interrogative accusatory questions.

25. Defendant Jara's harassment of Plaintiff is addressed in the related case and no duplicative damages are sought against Defendant Jara herein.

26. When Plaintiff still did not respond to her questions, Defendant Jara placed him under arrest, charging him with Criminal Trespass, Refusing to Obey an Officer and Serving Food Without a Permit.

27. Defendant Jara's actions were all part of the express plan laid out in Defendant

5

Kukowski's email.

28. Defendant Jara, acting on the orders of her superiors, caused baseless criminal charges to filed against Plaintiff.

29. On January 11, 2011, Plaintiff was tried in the Bernalillo County Metropolitan Court. The charge of distributing food without a permit was dismissed on ground that there was no legal requirement that he have a permit to do so. He was convicted of Criminal Trespass and Refusing to Obey an Officer.

30. Plaintiff appealed the conviction to the Second Judicial District Court.

31. On June 28, 2011, a de novo trial was held before the Second Judicial District Court.

32. On July 11, 2011, the Second Judicial District issued an Order reversing the convictions. The written Order found that the charge of Criminal Trespass was not supported by the evidence and dismissed the charge with prejudice.

33. The Court's written order also dismissed the charge of Refusing to Obey a Law Enforcement Officer with prejudice, entering the following specific findings:

   a. The encounter between Defendant Jara and Plaintiff quickly became non-consensual, requiring that Jara have reasonable suspicion that Plaintiff was engaging in or about to engage in criminal conduct;

   b. Defendant Jara had no legal basis to approach Plaintiff and begin questioning him.

   c. Plaintiff presented no public safety concerns and was engaging in no criminal conduct.

   d. Defendant Jara's mistaken belief that Plaintiff needed a permit to dispense food in this public area cannot act as the basis for reasonable suspicion to basically seize and ultimately arrest Plaintiff who is otherwise acting lawfully under these circumstances.

34. The malicious prosecution of Plaintiff resulted in his seizure and confinement. He

6

spent the night in jail and faced the possibility of incarceration if convicted on the charges brought against him.

35. At the time that the criminal charges against Plaintiff were filed, there was not a substantial probability that a crime had been committed and that a Plaintiff had committed such a crime.

### COUNT I: FOURTH AMENDMENT CLAIM AGAINST DEFENDANTS FOR MALICIOUS PROSECUTION
### (Pursuant to 42 U.S.C. § 1983)

36. Plaintiff incorporates by reference each and every foregoing paragraph as if fully restated herein pursuant to Fed.R.Civ.P. Rule 10(c).

37. The Fourth Amendment guarantees Plaintiff a right to be free from malicious prosecution.

38. Defendants Jara, Kukowski, and White caused Plaintiff's continued confinement or prosecution.

39. The original action terminated in favor of Plaintiff.

40. There was no probable cause to support the original arrest, continued confinement, or prosecution;

41. Defendants Jara, Kukowski, and White acted with malice; and

42. Plaintiff sustained damages as a result of his malicious prosecution.

43. The actions taken by Defendants Jara, Kukowski, and White were willful, wanton, and were perpetrated with reckless disregard for Plaintiff's constitutional rights.

44. Consequently, in addition to compensatory damages, the award of punitive damages against Defendants Jara, Kukowski, and White is justified and necessary in order to dissuade Defendants Jara, Kukowski, and White and others likewise situated from behaving in

the same or similar fashion in the future.

45. No punitive damages are requested or sought against any municipalities or against any Defendant in any official capacity.

### **COUNT II: MUNICIPAL LIABILITY (CUSTOM AND POLICY) AGAINST DEFENDANT CITY OF ALBUQUERQUE (Pursuant to 42 U.S.C. § 1983)**

46. Plaintiff incorporates by reference each and every foregoing paragraph as if fully restated herein pursuant to Fed.R.Civ.P. Rule 10(c).

47. The acts and omissions in violation of Plaintiff's rights by Defendants Jara, Kukowski, and White were perpetrated pursuant to the custom and policy of the City of Albuquerque.

48. The City of Albuquerque either maintains an official policy of permitting its officers to maliciously prosecute citizens for feeding the hungry or, in the alternative, maintains a *de facto* policy of ignoring such actions by Defendants Jara, Kukowski, and White and other Albuquerque Police Department officers and/or City of Albuquerque employees.

49. The City of Albuquerque's knowledge of the illegal actions taken by Defendants Jara, Kukowski, and White, as described above, can be inferred from the obviousness of the facts. Simply put, with numerous police employees on the scene of this and other similar incidents, it is not possible for Defendants Jara, Kukowski, and White and others to have acted without the knowledge and permission of the City.

50. Defendant City of Albuquerque's policies and supervision encouraged Defendants Jara, Kukowski, and White to violate Plaintiff's rights.

51. The City of Albuquerque was deliberately indifferent to the rights of Plaintiff and other citizens of Albuquerque and proximately caused Plaintiff to suffer damages.

52. The City's policies, procedures, and/or customs, either official or *de facto*, were a moving force behind the illegal acts of Defendants Jara, Kukowski, and White.

### COUNT III: MUNICIPAL LIABILITY (FAILURE TO TRAIN AND SUPERVISE) AGAINST DEFENDANT CITY OF ALBUQUERQUE (Pursuant to 42 U.S.C. § 1983)

53. Plaintiff incorporates by reference each and every foregoing paragraph as if fully restated herein pursuant to Fed.R.Civ.P. Rule 10(c).

54. The City of Albuquerque failed to train Defendants Jara, Kukowski, and White and/or failed to supervise Defendants Jara, Kukowski, and White regarding the circumstances under which they could prosecute citizens who distribute food to the hungry.

55. The City of Albuquerque's failure to train and/or supervise Defendants Jara, Kukowski, and White regarding their illegal actions toward Plaintiff and others, as well as the similar illegal actions perpetrated by other Albuquerque Police Department officers and other employees of the City of Albuquerque, can be inferred from the obviousness of the facts.

56. Defendant City of Albuquerque has enacted a policy under which Defendants Jara, Kukowski, and White and others, under Defendant City of Albuquerque supervision, are permitted to maliciously prosecute citizens who feed the hungry with no adverse consequences.

57. Upon information and belief, Defendant White, as Director of Public Safety for the City of Albuquerque, was permitted by Defendant City of Albuquerque to create and enact policy for its police force in this regard.

58. The City of Albuquerque was deliberately indifferent to the rights of Plaintiff and other citizens of Albuquerque.

59. The City's failure to train and supervise Defendants Jara, Kukowski, and White was a moving force behind Defendants' illegal acts.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court accept his Complaint and order appropriate preliminary hearings on all issues susceptible to such hearings. Plaintiff further prays that the Court, after all preliminary matters are resolved and full discovery has been had, order a trial by jury of his peers on all matters upon which he is entitled to such a jury.

Plaintiff further prays that following trial, this Court grant the following relief:

A. Award compensatory damages jointly and severally against all Defendants in an amount to be determined by the jury at trial;

B. Award punitive and exemplary damages against Defendants Jara, Kukowski, and White, in each named Defendant's individual capacity, in a separate amount to be determined by the jury at trial pursuant to 42 U.S.C. § 1983;

C. Award Plaintiff his costs in bringing this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

D. Award other and further relief as the Court deems proper under the circumstances.

    Respectfully submitted,
    **AEQUITAS LAW, LLC**

    **"Electronically Filed"**
By:    /s/ Anna C. Martinez
    Attorney for Plaintiff
    P.O. Box 25304
    Albuquerque, NM 87125
    (505) 750-8005
    anna@aequitas.pro