IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ

    Plaintiff,

v.                                                   CIV 13 cv 00521 LFG-ACT

CITY OF ALBUQUERQUE et al,

    Defendants.

**DEFENDANT CITY OF ALBUQUERQUE'S MOTION, AND MEMORANDUM IN SUPPORT, FOR SUMMARY JUDGMENT REQUESTING DISMISSAL OF PLAINTIFF'S COMPLAINT**

**COMES NOW**, Defendant City of Albuquerque ("City Defendant"), by and through its attorney, Assistant City Attorney Stephanie M. Griffin and hereby states the following for City Defendant's Motion, and Memorandum in Support, for Summary Judgment Requesting Dismissal of Plaintiff's Complaint:

**INTRODUCTION**

On August 8, 2010 Plaintiff was ultimately detained in the Fourth Street Mall area by Officer Welch and Office Lonz, who are not parties to this action, as they inquired into whether he had a valid permit to distribute food. During the course of this detention, Plaintiff was eventually issued a Criminal Trespass Notification on August 8, 2010 directing him not to return to the premises. However, despite this, Plaintiff did return to the premises on September 12, 2010 during which he was again questioned, this time by Officer Jennifer Jara, about whether he had a permit to distribute food in the Fourth Street Mall area. As Officer Jara was attempting to engage Plaintiff in discussion about the permitting issue, she was told about the Criminal Trespass Notification being issued to Plaintiff by Officer Welch so Plaintiff was placed under arrest. There are no allegations in Plaintiff's complaint that retired City employees Darren White

1

and Cassandra Kukowski directed that Plaintiff be arrested. It is City Defendant's position that: (1) no constitutional violation was committed against Plaintiff and (2) there was not policy or custom which was the moving force behind any alleged constitutional infraction. Consequently, City Defendant contends that it is entitled to judgment as a matter of law.

## STATEMENT OF FACTS

The following is a statement of facts which are being set forth for the limited purposes of this motion only:

1. Approximately six years ago, Plaintiff started serving food to a homeless group of people, whom he refers to as the "Metro Campers," in the Fourth Street Mall area of downtown Albuquerque. [See Exhibit A – Deposition of Plaintiff Alfonso Hernandez at 15:3-6; 16:1-4]

2. When he made the decision to begin serving food on the Fourth Street Mall area, he did not speak with anyone from the City of Albuquerque to discuss whether there were any requirements which he needed to fulfill first before serving the food. [Exhibit A at 25:2-9]

3. Officers were advised by superior officers that there had been complaints from businesses in the area about a large crowd of people who were gathering in the Fourth Street Mall area to be fed. There were complaints that members of the crowd were also urinating, and leaving trash and feces in the area. [See Exhibit B, ¶ 3 – Affidavit of Jacob Welch and Exhibit C, ¶ 3 – Affidavit of Jennifer Jara]

4. Due to all of the complaints which had been generated, officers were directed to go downtown and ask the persons who were distributing food if they had any City permit which authorized them to do so. [See Exhibit B, ¶ 4 and Exhibit C, ¶ 4]

5. On August 8, 2010, Officer Welch went to the Fourth Street Mall area along with Officer Tim Lonz at approximately 1:47 p.m. where he observed a large crowd of people who

were being served food by a male, who was later identified as Plaintiff Alfonso Hernandez. [Exhibit B, ¶ 5]

6. Officer Welch and Officer Lonz detained Mr. Hernandez on August 8, 2010 for the purpose of determining whether he had a valid permit to serve food. [Exhibit B, ¶¶ 6, 7, and 8]

7. During the course of the detention, Mr. Hernandez was issued a Criminal Trespass Notification – Order Not to Return. [See Exhibit B1]

8. The Criminal Trespass Notification stated that that Plaintiff had been denied consent to enter or remain on or about the property located at 110 4th Street N.W. in the City of Albuquerque, NM. [See Exhibit B1]

9. The address for the Fourth Street Mall area is 100 4th Street N.W. and it is located about the property which is located at 110 4th Street N.W. [See Doc. 33-3 12cv00394 KBM-ACT]

10. On September 12, 2010, Officer Jara went to the Fourth Street Mall area at approximately 2:39 p.m. along with Officer Leah Kelly where she observed a crowd of people who were being served food. [Exhibit C, ¶ 5]

11. Officer Jara approached Alfonso Hernandez and asked him if he had a permit, and he refused to answer her. [Exhibit C, ¶ 6]

12. Officer Welch arrived on scene and told Officer Jara that he had just issued a Criminal Trespass Notification to Plaintiff Alfonso Hernandez on August 8, 2010, and he was told not to return to the premises. After learning this information, Officer Jara asked Mr. Hernandez about the Criminal Trespass Notification, and he refused to answer her so she asked him again, but he continued to ignore her. [Exhibit C, ¶ 8]

13. Instead of answering Officer Jara's question, Mr. Hernandez continued to walk around the area and place items in his truck which was illegally parked in the alleyway of the Fourth Street Mall area.  [Exhibit C, ¶ 9]

14. Mr. Hernandez was issued a parking citation and Officer Jara verified the existence of the Criminal Trespass Notification and arrested Mr. Hernandez. [Exhibit C, ¶ 10]

15. City Defendant has a Personnel Code of Conduct Policy which provides that personnel of the Albuquerque Police Department are expected to follow a prescribed code of conduct and to act responsibly while on and off-duty.  [See Exhibit D - Albuquerque Police Department Policies and Procedures Manual, General Order 1-04]

16. As part of the Personnel Code of Conduct Policy, officers are required to obey and protect the rights of the people as provided in the Constitution of the United States.  [Exhibit D, 1-04-1A]

17. City Defendant has a written policy which provides for officers to investigate misdemeanor and felonious criminal activity, and when doing so, the officers are responsible for ensuring that they are in compliance with any and all constitutional requirements during criminal investigations.  [See Exhibit E - Albuquerque Police Department Policies and Procedures Manual, Procedural Order 2-24]

18. City Defendant has provided guidelines defining legal standards and guidelines for officers, including the definition of probable cause, for the purpose of upholding individual civil rights.  [See Exhibit F - Albuquerque Police Department Policies and Procedures Manual, Procedural Order 2-17]

19.     City Defendant has written policies that provide that each police officer fulfill the duties of his/her assignment and obey the orders of his/her superior officers.  [See Exhibit G - Albuquerque Police Department Policies and Procedures Manual, Administrative Order 3-11-4]

20.     City Defendant has supervisory positions that include the rank of Sergeant, Lieutenant, Captain, Deputy Chief, and Chief of Police.  [See Exhibit G]

21.     City Defendant has written policies concerning the duties and responsibilities of superior and commanding officers over subordinate officers.  [See Exhibit H - Albuquerque Police Department Policies and Procedures Manual, Administrative Order 3-16 et. seq. and Exhibit I - Albuquerque Police Department Policies and Procedures Manual, Administrative Order 3-17 et. seq.]

22.     City Defendant has a written policy that provides that "a supervisor is a superior officer or professional employee who supervises and directs the activities of personnel assigned to them."  [See Exhibit J - Albuquerque Police Department Policies and Procedures Manual, Administrative Order 3-18]

23.     City Defendant has an Internal Affairs Unit that is responsible for investigating allegations of misconduct by department personnel. [See Exhibit K - Albuquerque Police Department Policies and Procedures Manual, Administrative Order 3-41]

24.     The City of Albuquerque Police Department has an "Early Warning System" that is a proactive system intended to enhance awareness for potential problem employees.  The emphasis of the EWS is on training and counseling.  It operates as a tool to identify employees who have shown a propensity for involvement in incidents of potential

misconduct. [See Exhibit L - Albuquerque Police Department Policies and Procedures Manual, Administrative Order 3-49]

25.     The City has a policy which requires officers who have graduated from the police academy to undergo training on at least an annual basis.   [See Exhibit M - Albuquerque Police Department Policies and Procedures Manual, Administrative Order 3-82 ]

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Further, this court must view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party. *Frye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1222 (10th Cir. 2008).

## LEGAL ARGUMENT

### DEFENDANT CITY OF ALBUQUERQUE IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER AS TO PLAINTIFF'S MUNICIPAL LIABILITY CLAIMS SET FORTH IN COUNTS II AND III OF PLAINTIFF'S COMPLAINT

A municipality may not be held liable under Section 1983 solely because it is an employer. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-92 (1978).  Instead, "[a] plaintiff suing a municipality under Section 1983 must show: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County Bd. Of County Commissioners,* 151 F.3d 1313, 1316 (10th Cir. 1998) (*citing Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)).  In this regard, City Defendant is entitled to summary judgment as a matter of law because Plaintiff cannot establish either *Monell* element as a matter of law.

  **A.** **There was no constitutional violation committed by Officer Jara, Retired Employees White and Kukowski because there was probable cause for Plaintiff's Arrest.**

  Plaintiff has asserted a malicious prosecution claim against Officer Jara and Retired Employees Darren White and Cassandra Kukowski. As a preliminary manner, beyond making conclusory statements in his complaint, Plaintiff has failed to set forth any plausible claims against Darren White or Cassandra Kukowski. "A plaintiff's obligation to provide the grounds "of his entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). In this regard, Plaintiff's complaint falls short in terms of *Twombly*'s requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face. *Id.* at 570. Consequently, the complaint does not establish that Defendants White or Kukowski committed a constitutional violation by maliciously prosecuting him. This notwithstanding, because Plaintiff's arrest was supported by probable cause, there was no constitutional violation as a matter of law.

  A Section 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007)(*citing Pierce*, 359 F.3d at 1291-97). The focal point for claims of wrongful arrest, detention, and prosecution under Section 1983 is whether there is probable cause supporting Plaintiff's arrest. *See Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006). In the present controversy, the existence of probable cause is fatal to Plaintiff's malicious prosecution. "Probable cause exists if facts and

7

circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). Probable cause does not require a finding of guilt beyond a reasonable doubt, nor does it require proof of a prima facie case. *See St. John v. Justman*, 771 F.2d 445, 448 (10th Cir. 1985). Rather, probable cause requires a "substantial probability that a crime has been committed and that a specific individual committed a crime." *Id.* "The test for probable cause is not reducible to precise definition or quantification. Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence have no place in the probable cause decision. All we have required is the kind of "fair probability" on which "reasonable and prudent people not legal technicians, act." *Florida v. Harris*, ____ U.S. _____, 133 S.Ct. 1050, 1055 (2013)(internal citations and quotations omitted) In this regard, once Officer Jara verified that Plaintiff had been issued a Criminal Trespass Notification on August 8, 2010, she had developed probable cause to place him under arrest since he was directed not to return to the premises which was located on or about 110 4th Street N.W., Albuquerque, NM.  Consequently, Plaintiff's municipal liability claim against City Defendant fails because there was no constitutional violation committed against him in this regard.  *See Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993); *see also Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (It is well established that under Section 1983, the City cannot be held liable unless there is an underlying constitutional violation committed by one of its officers.)

    **B.**    **There was no Policy or Custom which was the Moving Force Behind any Alleged Constitutional Infraction**

As just explained in preceding paragraph there was no constitutional infraction committed against Plaintiff.   Notwithstanding, even if this Court were to assume that Plaintiff

was somehow able to establish that one or more of the individually named defendants committed an alleged constitutional infraction, City Defendant would still prevail under a Section 1983 *Monell* claim as Plaintiff cannot show as a matter of law that a municipal policy or custom was the moving force behind any alleged constitutional infraction. In order to warrant liability under Section 1983 against a municipality, any alleged policy must be a "policy, statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality's officers. *See Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986). "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider,* 717 F.3d 760, 2013 WL 2421071, *7 (10th Cir. 2013). A policy giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality, rather a plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the alleged injury. *Board of County Com'rs of Bryan County, Okl v. Brown*, 520 U.S. 397, 404-05 (1997).

  City Defendant has cited to the City of Albuquerque Police Department's written policies that are in place pertaining to a personnel code of conduct, the guidelines for conducting investigations, and the supervisory mechanism in place to monitor and discipline officers if necessary. [See Exhibits D, E, F, G, H, I, J, K, and L] These polices are lawful on their face as these policies promulgate the protections and safeguards of the United States Constitution.

When a policy is lawful on its face and a municipality has not directly inflicted injury then, "rigorous standards of culpability and causation must be applied to ensure that a municipality is not held liable solely for the actions of its employees." *Board of County Com'rs of Bryan County, Okl*, 520 U.S. at 404-05.

Although Plaintiff claims that City Defendant failed to supervise its employees, a failure to supervise claim arises only where it is shown that municipality acts with deliberate indifference in supervising its officers. *See Harris*, 489 U.S. 378; *see also Wellington v. Daniels*, 717 F.2d 932, 936 (2nd Cir. 1983)( "a failure to supervise gives rise to § 1983 liability, however, only in those situations in which there is a history of widespread abuse.")  The policies show otherwise.  City Defendant has written policies establishing a chain of command that includes the duties and responsibilities of superior officers.  In addition, the City Defendant has an Internal Affairs Unit that is responsible for investigating allegations of misconduct against department personnel as well as an Early Warning System to flag potential problems with employees.  These policies certainly do not demonstrate "deliberate indifference."  Also, there is no evidence of any causal link between any alleged unconstitutional policy and any alleged constitutional infraction against Plaintiff.  Further, Plaintiff has not alleged in his complaint that any such policy and show that any such policy was adopted by a final policy maker.  [See Doc. 1]  He also does not alleged when any such policy was adopted.  *See id.*

Plaintiff also alleges that the City failed to train its employees.  In order to establish a municipality's liability for inadequate training, Plaintiff must show:  (1) the individually named defendant(s) committed a constitutional infraction ; (2) the constitutional infraction arose under circumstances that constitute a usual and recurring situation with which officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city towards

persons with whom the officers come into contact, and (4) there is a direct casual link between the constitutional deprivation and the inadequate training.  *See Myers*, 151 F.3d 1313 (10th Cir. 1998)(*citing Allen v. Muskogee*, 119 F.3d 837, 841 (10th Cir. 1997)); *see also City of Canton v. Harris*, 489 U.S. 378, 389-90 (1989).   Obviously, as already explained above, Plaintiff cannot satisfy all of these aforementioned elements, especially since City Defendant does have a policy which requires each of its law enforcement officers to undergo annual training.   [See Exhibit M]

Therefore, it is abundantly clear that the City Defendant has safeguards in place to ensure that subordinate officers are being supervised and trained.  It is also clear that Plaintiff's municipal liability claims should be dismissed in their entirety as there is no evidence that City Defendant failed to supervise any of its officers or evidence that shows that any municipal policy, written or otherwise, is causally linked to any constitutional deprivation.  *See Harris*, 489 U.S. 378; *Lankford*, 73 F.3d at 286.

## CONCLUSION

**WHEREFORE**, based upon the foregoing arguments and authority cited herein,  City Defendant requests that this Court grant City Defendant's Motion, and Memorandum in Support, for Summary Judgment Requesting Dismissal of Plaintiff's Complaint

Respectfully submitted,

CITY OF ALBUQUERQUE
David Tourek
City Attorney


/s/ Stephanie M. Griffin
Assistant City Attorney
P. O. Box 2248
Albuquerque, NM 87102
(505) 768-4500

*Attorney for Defendants*

I hereby certify that the foregoing was sent via Notice of Electronic Filing to:

>Anna C. Martinez
>Albert L. Hutchinson, Jr.
>P.O. Box 25304
>Albuquerque, NM 87125
>(505) 750-8005
>anna@aequitas.pro
>
>*Attorneys for Plaintiffs*

on this 22nd day of July, 2013.

/s/ Stephanie M. Griffin, Assistant City Attorney